514 A.2d 599

**In the Interest of M.B., a Minor.**

**Appeal of M.D.B., Natural Father.**

Superior Court of Pennsylvania.

Argued May 22, 1986.

Filed Aug. 25, 1986.

Wesley T. Long, Greensburg, for appellant.

Before BROSKY, KELLY and ROBERTS, JJ.

BROSKY, Judge:

This appeal is from an order declaring appellant's child to be a dependent child and permitting the child to remain in the custody of his parents subject to certain conditions and limitations. Appellant argues that the trial court erred in adjudicating his son a dependent child under the Juvenile

Act when a petition under that Act was never filed.[1]  We agree and, accordingly, reverse.

## Facts and Procedural History

Appellant's four and one-half year old son was examined by a Dr. Stillman as a result of a two-inch diameter bruise on the child's right buttock.  A caseworker for the Westmoreland Children's Bureau investigated the injury as a suspected case of child abuse.  It was reported that appellant had struck the child when he failed to heed his father's request that he be silent while the father watched the evening news.  A petition was filed under the Child Protective Services Law, 11 P.S. § 2201, et. seq.  The petition alleged child abuse.  The trial court found the allegation of abuse unfounded, but determined that appellant's son was a dependent child under the terms of the Juvenile Act.  The instant appeal followed.

## Analysis

Appellant argues that the trial court erred in holding that appellant's son was dependent under the Juvenile Act, 42 Pa.C.S. § 6301, et seq., when the petition before the court was for abuse under the Child Protective Services Law. We agree.

Courts cannot rule on matters not before them.  It is, of course, the pleadings which limit the court's agenda.  "The pleadings determine the issues in any given case." *Anflick v. Grukler,* 353 Pa. 470, 472, 46 A.2d 161, 162 (1946).  "[A] plaintiff cannot file a complaint which avers one cause of action, and be permitted, on the trial, to prove a different cause of action." *Smith v. County of Allegheny,* 397 Pa. 404, 406, 155 A.2d 615, 616 (1959).

The rationale for this rule goes well beyond Nineteenth Century hypertechnical pleading requirements.

The general rule requiring conformity between the allegata and probata is intended to avoid the injustice that would result by confronting a defendant at trial with

---

**1.**  Appellant also contends that the Children's Bureau did not meet its burden of proof vis-a-vis dependency.  In view of our reversal on the other issue raised, it is unnecessary for us to treat this second issue.

proof of a cause of action of which he was not put on notice and which he is not prepared to defend.

*Computer Print Systems, Inc. v. Lewis*, 281 Pa.Super. 240, 248, 422 A.2d 148, 152 (1980).

■ Due process requires that the litigants receive notice of the issues before the court and an opportunity to present their case in relation to those issues. It is even more eggregious an error when the lack of notice, through variance from the pleadings, is the court's doing. For when the issue is first stated only in the court's resolution of it, the unsuspecting party has no opportunity during the proceedings to voice his objections or match his case to the altered issue.

In its response to this issue, the trial court said that a separate hearing on the issue of dependency "would have released no more than was revealed in the hearing that took place in this matter." Such a conclusion is mere speculation. The issues before the Court in an abuse and dependency proceeding are distinct. The proof and argument on one would not necessarily match the proof and argument for the other. In an abuse case, the evidence revolves around the alleged incident of abuse, and the decision which must be reached is whether that evidence meets the standard defined in the Child Protective Services Law.

On the other hand, a dependency proceeding focuses on whether the child at the time of the proceeding is without proper parental care or control. Such differences manifest the unfairness inherent in allowing a child to be declared dependent after a proceeding under the Child Protective Services Law when no petition was ever filed under the Juvenile Act.

Moreover, provisions of the Juvenile Act itself indicate that a child cannot be found dependent under that Act unless its procedures are complied with. 42 Pa.C.S. § 6301 provides in relevant part:

(b) Purposes.—This chapter shall be interpreted and construed as to effectuate the following purposes.

(4) To provide means through which the provisions of this chapter are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.

One of the means by which the Juvenile Act assures the parties a fair hearing is that it limits its application exclusively to "[p]roceedings in which a child is alleged to be delinquent or dependent," 42 Pa.C.S. § 6303 (a)(1).[2] The manner in which a child may be alleged to be dependent is set forth in § 6321 which provides in relevant part the following:

§ 6321. Commencement of proceedings.

(a) General rule.—A proceeding under this chapter may be commenced.

.     .     .     .     .

(3) In other cases by the filing of a petition as provided in this chapter.[3] The petition and all other documents in the proceeding shall be entitled "In the interest of .........., a minor," and shall be captioned and docketed as provided by general rule.[4]

We note Section 6321 is also the first section of Subchapter B of the Juvenile Act which is entitled "JURISDICTION AND CUSTODY." We think it clear from this fact and from our reading of § 6321 that if a proceeding is not

**2.** Section 6303 also states that the Juvenile Act applies in three other instances which are not relevant to this appeal.

**3.** Under § 6334, such a petition must state, *inter alia,* "[t]he facts which bring the child within the jurisdiction of the court and this chapter, with a statement that it is within the best interest of the child and the public that the proceeding be brought ..."

**4.** Section 6321 also permits proceedings to be commenced in the following three ways:

(1) By transfer of a case as provided in section 6322 (relating to transfer from criminal proceedings).

(2) By the court accepting jurisdiction as provided in section 6362 (relating to disposition of resident child received from another state) or accepting supervision of a child as provided in section 6364 (relating to supervision under foreign order).

(2.1) By taking a child into custody in accordance with the provisions of section 6324 (relating to taking into custody).

These methods are not relevant to the instant appeal.

262

commenced by any of the means provided by § 6321, then a court has no jurisdiction to find a child to be dependent.

Thus, aside from the other means provided by § 6321, in order for a court to have jurisdiction to find a child to be dependent, there must be a petition filed under the Juvenile Act which alleges the dependency of the child. Since no such petition was filed in this case, the court below had no jurisdiction to find appellant's child to be a dependent child.

On either the basis of due process or the basis of jurisdiction, we must conclude that the order of the court below cannot stand. We will, therefore, vacate it.

Order vacated.