J-S36030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| T.M.W. ON BEHALF OF MINOR PLAINTIFF I.M.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| B.A.P. JR. | |
| Appellant | No. 253 WDA 2015 |

Appeal from the Order January 21, 2015
In the Court of Common Pleas of Mercer County
Civil Division at No(s): 2015-92

BEFORE:  PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 11, 2015**

Appellant B.A.P., Jr. ("Father") appeals from the order entered in the Mercer County Court of Common Pleas, pursuant to the Protection from Abuse ("PFA") Act, 23 Pa.C.S. §§ 6101 *et seq.*, which prohibited him from all contact with his minor daughter I.M.P. ("Daughter") for a period of six months.  We affirm.

Father and T.M.W. ("Mother") are the natural unmarried parents of Daughter, born 2012.  The parents lived separately and did not have a formal custody arrangement, but alternated physical custody of Daughter on a monthly basis.  In August of 2014, Mother experienced a financial struggle and asked Father to watch Daughter for a few months while Mother went to

_____

[*] Retired Senior Judge assigned to the Superior Court.

South Carolina. Mother kept in contact with Daughter through Facebook and telephone calls through December of 2014.

On January 4, 2015, Father called Mother and told her that Daughter was being transported to the Children's Hospital of Pittsburgh after falling off a booster seat and hitting her head on the corner of a wall. When Mother arrived at the hospital the next day, she found Daughter in a neck brace on life support. Mother noted that Daughter had lost a significant amount of weight, that her feet were swollen, and that there were several bruises on her body from her face down to her feet, including circle shaped bruises on her calves. Daughter was unable to swallow, walk, or sit.

On January 9, 2015, Mother filed a PFA petition to protect Daughter from Father. The court temporarily granted the petition through January 16, 2015, when the court conducted a hearing and granted the petition for six months.[1] On February 9, 2015, Father filed a timely notice of appeal along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).[2]

Father raises the following issues for our review:

_____

[1] Although the court granted the petition on January 16, 2015, it was not docketed until January 21, 2015.

[2] That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant filed his concise statement again on February 20, 2015.

> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND/OR COMMITTED AN ERROR OF LAW WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE, WITHOUT ANY MEDICAL EXPERT TESTIMONY, TO DENY [FATHER'S] MOTION TO DISMISS [MOTHER'S] PETITION FOR A [PFA] ORDER AFTER SHE TESTIFIED AND RESTED HER CASE IN CHIEF?
>
> WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND/OR COMMITTED AN ERROR OF LAW WHEN IT FOUND THAT THERE WAS SUFFICIENT EVIDENCE TO GRANT [MOTHER'S] PETITION FOR A [PFA] ORDER AFTER [FATHER] TESTIFIED AND PRESENTED ALTERNATIVE EXPLANATIONS FOR [DAUGHTER'S] INJURIES?

Father's Brief at 4.

Initially, we must address whether we should dismiss this appeal as moot because the trial court entered a six-month PFA order on January 16, 2015, which expired on July 16, 2015.

"As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." *In re D.A.*, 801 A.2d 614, 616 (Pa.Super.2002) (quoting *In re Duran*, 769 A.2d 497 (Pa.Super.2001). "This Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *Ferko-Fox v. Fox*, 68 A.3d 917, 920 (Pa.Super.2013) (quoting *Warmkessel v. Heffner,* 17 A.3d 408, 413 (Pa.Super.2011)).

Appeals from PFA orders:

> [raise] issues that fall into the well-recognized exception to the mootness doctrine of issues which have important public policy considerations and yet may escape review. **See Snyder v. Snyder**, 629 A.2d 977, 980 n. 1 ([Pa.Super.1993) (holding protection from abuse order reviewable based on important public policy considerations). "Protection From Abuse Act Orders are usually temporary, and it is seldom that we have the opportunity to review one before it expires." **Id.**

**Shandra v. Williams**, 819 A.2d 87, 90 (Pa.Super.2003).

We find that this case falls within a recognized exception to the mootness doctrine and proceed to address the merits of Father's claims.

Father's issues challenge the sufficiency of the evidence. Father argues that Mother failed to prove, by a preponderance of the evidence, that Daughter's injuries or weight loss were the result of Father's neglect. Father claims that because Mother failed to present expert testimony and because Father offered several possible explanations for Daughter's injuries, such as a genetic defect, the court did not have sufficient evidence of child abuse.[3]

_____

[3] In his brief, Father contends the court relied on impermissible factors when granting the PFA. He claims the court relied on statements Mother did not make, such as "[Daughter] had bleeding on the brain…", "a swollen face…", "bite marks…", and "was malnourished". Although Father is correct that Mother did not say these things and that the trial court misquoted her in its Pa.R.A.P. 1925(a) opinion, the trial court did not misquote Mother when it issued the order granting Mother's PFA petition. Further, Father did not raise this argument in his Pa.R.A.P. 1925 statement, so it is waived. **See Middleton v. Middleton**, 812 A.2d 1241, 1245 (2002) ("Any issues not raised in a 1925(b) statement will be deemed waived.").

He concludes the court abused its discretion in granting the PFA petition against Father. We disagree.

"Our standard of review for PFA orders is well settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Boykai v. Young*, 83 A.3d 1043, 1045 (Pa.Super.2014) (quoting *Stamus v. Dutcavich*, 938 A.2d 1098, 1100 (Pa.Super.2007)). "When a claim is presented on appeal that the evidence was not sufficient to support an order of protection from abuse, we review the evidence in the light most favorable to the petitioner and granting her the benefit of all reasonable inference[s], determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence." *Fonner v. Fonner*, 731 A.2d 160, 161 (Pa.Super.1999) (citation omitted).

"The goal of the [PFA] Act is protection and prevention of further abuse by removing the perpetrator of the abuse from the household and/or from the victim for a period of time." *McCance v. McCance,* 908 A.2d 905, 908 (Pa.Super.2006) (internal citations omitted). "[T]he PFA Act provides five different definitions of abuse, one of which includes the definition of abuse under the Child Protective Services Law." *Viruet ex rel. Velasquez v. Cancel*, 727 A.2d 591, 595 (Pa.Super.1999). "Proof of any one of the defined acts by a preponderance of the evidence permits a petitioner to obtain a protection order." *Id.*

The Child Protective Services Law provides, in relevant part

§ 6303. Definitions

**(b.1) Child abuse.--**The term "child abuse" shall mean intentionally, knowingly or recklessly doing any of the following:

\* \* \*

(7) Causing serious physical neglect of a child.

23 Pa.C.S. § 6303(b.1)(7).

Here, Mother testified that Daughter had lost a significant amount of weight in a period of four months with Father, and that she had suffered injuries, including numerous bruises all over her body, that were inconsistent from one fall from a booster seat. Based on Mother's testimony and the "old and new areas of concern" in Daughter's brain MRI, the court found, by a preponderance of the evidence, that Father had abused Daughter by causing "serious physical neglect." Viewing the evidence in the light most favorable to Mother, and granting her the benefit of all reasonable inferences, the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence.

Therefore, Father's challenge to the sufficiency of the evidence to support the entry of the PFA order fails.

Order affirmed.

Judge Panella joins in the memorandum.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/11/2015