J-S52045-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| H.S.G., FILING ON BEHALF OF MINOR CHILDREN S.R.H. AND K.M.H. | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| M.A.H. | : : | |
| APPEAL OF: GUARDIAN AD LITEM | : | No. 518 EDA 2016 |

Appeal from the Order January 11, 2016,
in the Court of Common Pleas of Montgomery County,
Civil Division, at No(s): No. 2015-31197

BEFORE: FORD ELLIOTT, P.J.E., STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED AUGUST 23, 2016**

The guardian *ad litem* (GAL) appeals from the order entered January 11, 2016, granting H.S.G.'s request, pursuant to the Protection From Abuse Act (PFA), 23 Pa.C.S. § 6101-6122, for entry of a final protection order against M.A.H. (Father) on behalf of the parties' minor Children, S.R.H., born in July of 2004, and K.M.H., born in March of 2012 (collectively, the Children). We remand with instructions.

The certified record reveals the following. Father and Mother are unmarried and have not resided together since S.R.H. was two years old. Although there is an existing support order, there is no formal custody arrangement. The last time Father saw the Children was in late October or early November of 2015.

On November 26, 2015, S.R.H. disclosed to Mother that she had been sexually abused by Father three years earlier (approximately 2012) during

*Retired Senior Judge assigned to the Superior Court.

overnight visits at the home of a paternal great aunt. In response to this information, Mother filed a petition for a temporary PFA order on behalf of the Children. This request was granted by order dated November 30, 2015, and the court scheduled a final PFA hearing for December 15, 2015. Also on November 30, 2015, the court appointed GAL on behalf of the Children.

On December 15, 2015, the scheduled PFA hearing was continued to January 11, 2016. On January 11, 2015, following the hearing, the court entered a final PFA order on behalf of the Children, which was set to expire on June 30, 2016. The GAL timely-filed a notice of appeal and statement of errors complained of on appeal, pursuant to Pa.R.A.P. 905(a)(2) and Pa.R.A.P. 1925(a(2).[1] On March 8, 2016, the PFA court filed its Pa.R.A.P. 1925(a) opinion.

On appeal, the GAL asks us to consider whether the PFA court abused its discretion by entering a five-and-a-half-month-long final order. GAL's Brief at 2-3. Specifically, the GAL contends that the duration of the order was too short to effectuate the purpose of the PFA Act where the court determined by a preponderance of the evidence that S.R.H.'s allegation of sexual abuse was credible. *Id.*

"Our standard of review for PFA orders is well settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law

---

[1] Neither Mother nor Father has filed a brief with this Court.

or abuse of discretion." **Stamus v. Dutcavich**, 938 A.2d 1098, 1100 (Pa. Super. 2007) (citation omitted). "An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the [result] of partiality, prejudice, bias or ill-will." **Id**.

Pursuant to the PFA Act "[t]he court may grant any protection order or approve any consent agreement to bring about a cessation of abuse of the plaintiff or minor Children." 23 Pa.C.S § 6108. With respect to duration of a final order, the Act provides that "[a] protection order or approved consent agreement shall be for a fixed period of time not to exceed three years. The court may amend its order or agreement at any time upon subsequent petition filed by either party." 23 Pa.C.S § 6108(d).

Instantly, the PFA court was presented with allegations of sexual abuse that occurred three years before its disclosure. While it believed those allegations, the court noted that Mother, as primary physical custodian, controlled Father's access to the Children. PFA Court Opinion, 3/8/2016, at 4-5. The court noted that Mother believed S.R.H.'s allegations, **id.**, and it is apparent from the record that the trial court believed that Mother's control over Father's sporadic contact with the Children, the last of

which occurred at the agreement of the parties and a month before the allegations were brought to light, was sufficient to prevent future abuse. *Id.*

The trial court's rationale places on Mother the burden of preventing Father from accessing the Children and fails to consider other ways in which Father could encounter S.R.H. when she is outside of Mother's care, either at school or under the supervision of another caretaker.  The court's admittedly short order, which ostensibly expired before the conclusion of the Children and Youth Services (CYS) investigation, the filing of criminal charges, or the implementation of a custody order, is at odds with the PFA Act's stated goal of protecting "victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." *Buchhalter v. Buchhalter*, 959 A.2d 1260, 1262 (Pa. Super. 2008)

Accordingly, we reinstate the order of January 11, 2016, to remain in effect pending a new hearing at which the PFA court can consider the results of any CYS or criminal investigation, and any necessary conditions to protect the Children's safety.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/23/2016