J-A14022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWIN C. FISCHL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| EDWIN M. FISCHL | : | |
| | : | |
| Appellee | : | No. 892 WDA 2020 |

Appeal from the Order Entered July 23, 2020
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): FD-18-01583

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED: JULY 9, 2021**

Appellant, Edwin C. Fischl ("Father"), appeals from the order entered in the Allegheny County Court of Common Pleas, which divested the family division of jurisdiction over a consent agreement involving the terms of expiration of a temporary Protection from Abuse ("PFA") order between Father and his adult son, Appellee Edwin M. Fischl ("Son"). We vacate in part and remand for further proceedings.

The relevant facts and procedural history of this case are as follows. Father and Son were involved in extensive litigation in the Allegheny County Court of Common Pleas civil division. On September 6, 2018, Father filed a petition in the Allegheny County Court of Common Pleas family division for a

temporary PFA order against Son, and obtained a temporary PFA order.[1] On October 22, 2018, the parties entered into a consent agreement. The consent agreement, *inter alia*, prohibited Son from contacting Father or residing in Father's home. The consent agreement further stated that a final PFA order would be entered if Son violated any of the terms of the consent agreement. The consent agreement continued the PFA action for a period not to exceed three years, expiring on October 22, 2021. The consent agreement also permitted Son to remove his personal belongings from Father's home under certain terms.

On July 16, 2020, Son filed an emergency motion for relief, alleging that Father violated the consent agreement by refusing to let Son retrieve certain personal belongings. On July 20, 2020, Father filed a response, claiming he had already allowed Son to retrieve the belongings and Son had failed to identify any specific items still inside the house.

On July 23, 2020, the court granted Son's motion in part. Specifically, the court ordered that, within 48 hours, Son must provide Father's counsel with a detailed and specific list of personal items he wished to retrieve from the residence, and within 48 hours after receipt, Son and Father's counsel would agree in writing on non-disputed personal items from the list and a date

---

[1] Father alleged, *inter alia*, Son had intimidated Father and his wife by screaming at them repeatedly and demanding access to a shotgun in the household. Father said Son's actions put Father and his wife in fear of bodily injury.

and time on which Son could retrieve the items. The court also purported to divest the family division of continued jurisdiction over the consent agreement, reasoning that the parties were not current or former spouses, there were no pending complaints in the family division, and no basis existed for the filing of complaints. According to the court, any claims related to the consent agreement should proceed in the civil division.

On August 12, 2020, Father filed a motion for reconsideration, arguing that the court lacked authority to divest itself of jurisdiction. The court denied the motion that same day. Father timely appealed on August 19, 2020. No Pa.R.A.P. 1925(b) statement of errors complained of on appeal was ordered or filed.[2]

On appeal, Father presents the following issue for our review:

> Did the Court of Common Pleas err in divesting itself of jurisdiction, despite the existence of the parties' parent-child relationship, a court-administered consent agreement under the [PFA] Act, a right to obtain relief thereunder, and the failure to hold a hearing, and the absence of a petition to modify?

(Father's Brief at 2).

Father argues that the court erred in divesting itself of jurisdiction because the parties and action were properly subject to the PFA Act, and the consent agreement was to last until October 22, 2021, under the court's

---

[2] Realizing its error, on September 28, 2020, the court entered an order purporting to vacate the portion of the July 23, 2020 order that divested the family division of jurisdiction.

- 3 -

jurisdiction. Father contends that the court erred in determining that the PFA action had expired, because the consent order's ongoing date meant that Father could seek a final PFA order if Son violated the terms of the agreement. Additionally, Father insists the court erred by unilaterally extinguishing the consent agreement without a motion or hearing, leaving Father unprotected by its terms and without the ability to obtain a final order if necessary. For the following reasons, we agree with Father's contentions.

"Our standard of review for PFA orders is well settled. In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *E.K. v. J.R.A.*, 237 A.3d 509, 519 (Pa.Super. 2020) (internal citation and quotation marks omitted).

> The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, with the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Mescanti v. Mescanti*, 956 A.2d 1017, 1019 (Pa.Super. 2008) (quoting *Custer v. Cochran*, 933 A.2d 1050, 1053-54 (Pa.Super. 2007) (*en banc*)).

> The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse. The Act defines "abuse" as follows:
>
> > The occurrence of one or more of the following acts

- 4 -

between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1)    Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2)    Placing another in reasonable fear of imminent serious bodily injury.

(3)    The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4)    Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).

(5)    Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury.  The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102 (emphasis added).  The phrase "family or household members" is further defined as "[s]pouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, current or former sexual or intimate partners or persons who share biological parenthood." *Id.* (emphasis added).

*Custer, supra* at 1054–55 (some internal citations and emphasis omitted).

Regarding the termination of temporary PFA orders, "before a temporary PFA order can be terminated, there must be 'notice and hearing.'"  *Stamus v.*

***Dutcavich***, 938 A.2d 1098, 1101 (Pa.Super. 2007).

Instantly, we agree with Father that the court erred in determining that the matter was not subject to the PFA Act. Per statute and case law, "family or household members" includes parents and children. ***Custer, supra*** at 1055. Father and Son are parent and Child, and, accordingly, subject to the Act. By divesting itself of jurisdiction, the court essentially terminated the consent agreement prior to its end date of October 22, 2021. The court's order had the effect of terminating the PFA action, governed by the consent agreement, without notice or a hearing. ***See Stamus, supra***. Accordingly, we vacate the portion of the July 23, 2020 order divesting the family division of jurisdiction, and remand for reinstatement of the consent agreement under the family division's jurisdiction.[3]

Order vacated in part. Case remanded. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/9/2021

---

[3] Although the court acknowledged its error with the entry of its September 28, 2020 order, because the court had already divested itself of jurisdiction, the September 28, 2020 had no legal effect.

- 6 -