J-S01002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| D.D.M. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| Appelant | : | | |
| | : | | |
| | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| N.L.W. | : | No. 2578 EDA 2019 | |

Appeal from the Order Entered August 20, 2019
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
No. 2014-FC-1091

BEFORE:   BOWES, J., KUNSELMAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED MAY 28, 2020**

D.D.M ("Father") appeals from the August 20, 2019 child custody order that denied his petition for modification and contempt, granted a competing petition filed by N.L.W. ("Mother"), and awarded Mother primary physical custody and sole legal custody of their approximately seven-year-old son, D.M.  We affirm the award of physical custody but vacate the award of sole legal custody.

Mother and Father never married.  Following the birth of D.M. in July 2012, the family resided together in Lehigh County, Pennsylvania for roughly nine months before Mother and D.M. moved to a different residence in the county.  On August 19, 2014, Father filed a custody complaint, which for our

_____

[*] Retired Senior Judge assigned to the Superior Court.

purposes, culminated in a stipulated final custody order entered on July 11, 2018. That order awarded Mother primary physical custody of D.M. and granted Father liberal periods of partial physical custody. The parties shared legal custody.

Thereafter, on January 24, 2019, Mother filed a petition for contempt and modification. She asserted that Father was in contempt of the "spirit and intent" of the custody order, requested that the court reduce Father's periods of physical custody to alternating weekends, and sought to eliminate the requirement for co-parent counseling. Mother's Petition for Modification and Contempt, 1/24/19, at unnumbered 2-3. Mother complained, *inter alia*, that Father was quarrelsome, indifferent to co-parent counseling, and inattentive to their son's education and health care needs. *Id*. at unnumbered 3-4. In this vein, the certified record reveals that D.M. experienced behavioral issues symptomatic of Attention Deficit Hyperactivity Disorder ("ADHD"), which necessitated the implementation of an individualized education plan ("IEP").

Father countered one month later with a petition for modification and contempt, wherein he asserted that Mother "routinely modifies and interprets the terms of the agreement unilaterally." Father's Petition for Modification and Contempt, 2/22/19, at 3. He requested, *inter alia*, primary physical custody and increased access to "medical and educational information[.]" *Id*.at 4.

Prior to the first of three evidentiary hearings, Mother clarified that she was "seeking sole legal [custody] based on some issues that have occurred . . . since the filings," a position that was consistent with the pretrial statement which was subsequently admitted as Exhibit M-1. N.T., 5/31/19, at 6, 18. However, the court indicated that it would not consider legal custody because, at a previous off-the-record pretrial settlement conference, Mother indicated that legal custody was not at issue. The court reasoned,

> the custody relief checklist that we use [at the pretrial settlement conference] -- and that's not an official record, but it would be in the . . . court reporter's record of it -- it's clearly [sic] that Mother is agreeable to shared and Father is agreeable to shared, so legal custody cannot be an issue for today. It can be raised in a subsequent pleading. You can come back on that, but you have to have the notice. So that cannot be an issue for today.

*Id*. at 7. Mother did not amend her petition or raise the request in a subsequent pleading.

On August 19, 2019, the trial court announced in open court its custody decision and, pursuant to § 5323(d) of the Child Custody Law, it delineated its analysis of the best-interest factors enumerated in 23 Pa.C.S. § 5328(a), which we discuss *infra*. **See** N.T. Custody Decision, 8/19/19, at 1-8. After addressing each of the statutory factors, the court concluded,

> Based upon the evidence and these findings, we award primary physical custody to Mother with Father exercising partial custody on alternate weekends and a mid-week dinner visit. Additionally, we find that the primary reason for the poor cooperation and communication between the parties resides with Father. For this reason, although neither party requested sole legal custody, we conclude that it is necessary to award sole legal custody to Mother.

*Id*. at 7.

The court entered the above-referenced written custody order the following day. This timely appeal followed.[1]

Father presents three questions for our review, which we re-ordered for ease of disposition:

> A. Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion when it modified legal and physical custody of the minor child without making a finding of a substantial change of circumstances before assessing the best interest of the child factors.
>
> B. Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion when it awarded Appellee primary physical custody of the minor child when the evidence and testimony clearly demonstrated such an award was not in the best interest of the minor child.
>
> C. Whether the [t]rial [c]ourt committed an error of law and/or abused its discretion when it awarded Appellee sole legal custody of the minor child when neither party had properly requested sole legal custody and when the evidence and testimony clearly demonstrated such an award was not in the best interest of the minor child and further violated Appellant's procedural due process rights by not providing notice.

Father's brief at 10.

We review the child custody order according to the following scope and standard of review:

> This Court reviews a custody determination for an abuse of discretion. We will not find an abuse of discretion merely because a reviewing court would have reached a different conclusion.

---

[1] Father complied with Pa.R.A.P. 1925(a)(2)(i) by filing his concise statement of errors complained of on appeal with his notice of appeal.

Rather, appellate courts will find a trial court abuses its discretion if, in reaching a conclusion, it overrides or misapplies the law, or the record shows that the trial court's judgment was either manifestly unreasonable or the product of partiality, prejudice, bias or ill will.

***R.L. v. M.A.***, 209 A.3d 391, 395 (Pa.Super.2019) (cleaned up).

Moreover,

on issues of credibility and weight of the evidence, we defer to the findings of the trial court which has had the opportunity to observe the proceedings and demeanor of the witnesses.

The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

***A.V. v. S.T.***, 87 A.3d 818, 820 (Pa.Super. 2014) (cleaned up).

At the outset, we observe that Father's first issue, relating to the court's purported failure to make a finding as to a substantial change of circumstances, is waived pursuant to Pa.R.A.P. 1925(b)(4)(vii) because he failed to include it in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."). Moreover, the issue is meritless. Section 5338(a) of the Child Custody Law clearly states that, "[u]pon petition, a court may modify a custody order to serve the **best interest** of the child." 23 Pa.C.S. § 5338(a) (emphasis added). As noted *supra*, the trial court engaged in a comprehensive best-interest analysis pursuant to § 5328(a)(1)-(a)(16) before granting Mother's

modification petition and fashioning a new custody arrangement. Thus, the court's determination complied with the dictates of the Child Custody Law.

While the court was free to consider the presence of a substantial change of circumstances under the catchall best-interest factor, a change of circumstances is no longer required in order to grant a request for modification. *See*, *e.g., M.J.M. v. M.L.G.*, 63 A.3d 331, 339 (Pa.Super. 2013) (judicially created doctrines did not survive legislatures enactment of child custody law). Stated plainly, a substantial change of circumstances is not a prerequisite for modification pursuant to § 5338(a).

Next, we address Father's assertion that the evidence presented at the custody hearings did not warrant granting Mother primary physical custody. He argues that the court abused its discretion in finding that an award of primary physical custody served D.M.'s best interests. He requests that we reverse the custody order or, alternatively, remand the case "for a review of the evidentiary record" and the entry of a new order in his favor. Father's brief at 31. For the following reasons, we disagree.

When awarding any form of custody, the Child Custody Law provides an enumerated list of factors a trial court must consider in determining the best interests of a child:

> (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
> (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm

to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a)(1)-(16). This Court has stated that, "**[a]ll** of the factors listed in § 5328(a) are required to be considered by the trial court when entering a custody order." **J.R.M. v. J.E.A.**, 33 A.3d 647, 652 (Pa.Super. 2011) (emphasis in original).

Instantly, the trial court carefully considered the foregoing custody factors and explained on the record its rationale for granting Mother primary physical custody. Of the sixteen custody factors, the court determined that factors (2), (6), (7), (9), (10), (11), (12), (14), and (15) were either neutral or inapplicable. **See** N.T. Custody Decision, 8/19/19, at 1-8. Factors (1), (3), (4), (5), and (8), favored Mother, and no factors militated in favor of Father. **Id**.

The gravamen of Father's argument is that the court determined that the majority of the factors were neutral or inapplicable and did not state which of the remaining factors "are weighted more heavily against each other." Father's brief at 29. He specifically assails the court's analysis of factors one three, five, and eight, and concludes that "the [t]rial [c]ourt unreasonably found that the allegations of [Mother] were more credible then that of [Father]

- 8 -

due to the above factors being in favor of [Mother]." *Id*. at 31. No relief is due.

To the extent that Father asks that this Court reweigh the evidence adduced during the hearing in order to reach conclusions in his favor, his argument must fail. A party cannot dictate the weight that the trial court attributed to the evidence or its consideration of any single factor. Indeed, as we explained in **M.J.M.**, *supra* at 339, "it is within the trial court's purview as the finder of fact to determine which factors are most salient and critical in each particular case." We simply will not revisit the trial court's factual findings that are based on the certified record in order to reassess the weight of the evidence. **J.R.M. v J.E.A.**, 647, 650 (Pa.Super. 2011) ("[W]ith regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand[.]"). Thus, inasmuch as the certified record sustains the trial court's findings of fact, we do not disturb them.

Further, we are unpersuaded by Father's contention that the court's § 5328(a) analysis is deficient "due to a lack of factual findings by the [t]rial [c]ourt[.]" Father's brief at 27. In **In M.J.G.**, *supra*, this Court soundly rejected a similar assertion that the court's § 5328(a) analysis was inadequate because the trial court did not, *inter alia*, reference the record or explain credibility determinations. We reasoned, "there is no required amount of detail for the trial court's explanation; all that is required is that the

enumerated factors are considered and that the custody decision is based on those considerations." *Id*.

Father's claim fails for identical reasons. While Father complains that the court failed to make sufficient factual findings in support of its analysis, "the trial court did precisely what it should have done; it weighed the entirety of the section 5328(a) factors in making the custody determination and articulated its considerations in a manner that informed the parties of the reasons for the custody award." *Id*. No relief is due.

Finally, we address Father's assertion that the trial court violated his due process by awarding Mother sole legal custody when it previously declined to consider Mother's request because it was inconsistent with her position at a prior status hearing. The crux of this contention is that the court denied him notice that legal custody would be an issue to be litigated during the custody proceeding. For the following reasons, we agree.

In a legal proceeding where a person may be deprived of custody of a child, "formal notice and an opportunity to be heard are fundamental components of due process." *Everett v. Parker*, 889 A.2d 578, 580 (Pa.Super. 2005). As we previously stated, "Due process requires that the litigants receive notice of the issues before the court and an opportunity to present their case in relation to those issues[.] For when the issue is first stated only in the court's resolution of it, the unsuspecting party has no opportunity during the proceedings to voice his objections or match his case

to the altered issue." ***In Interest of M.B.***, 514 A.2d 599, 601 (Pa.Super. 1986).

Instantly, the trial court made the unequivocal pretrial determination that it would not consider the issue of legal custody as part of the current contempt/modification proceedings. Furthermore, on at least one occasion during the ensuing hearings, the court precluded Mother from presenting evidence about the lack of parental communication because the evidence related to legal custody, which was not before the court at that time. N.T., 5/31/19, at 72. Nevertheless, despite twice informing the parties that it would not consider Mother's request for legal custody, and prohibiting her from adducing evidence relevant to that issue, on August 19, 2019, the trial court entered a custody order that, *inter alia*, awarded Mother sole legal custody. As noted, *supra*, in explaining the basis for its determination the trial court expressly rationalized, "the primary reason for the poor communication between the parties resides with Father. For this reason, although neither party requested sole legal custody, we conclude it is necessary to award sole legal custody to Mother." N.T. Custody Decision, 8/19/19, at 7.

As evidence of the parties' ability to cooperate and communicate is precisely the type of evidence that the trial court excluded during the custody hearing, it cannot be said that Father was "provided adequate opportunity to prepare and thereafter properly advocate [his] position" regarding legal custody. ***Langendorfer v. Spearman***, 797 A.2d 303, 309 (Pa.Super.2002)

(citation omitted). Significantly, because Father relied upon the court's assertion that it would not consider legal custody during the contempt/modification proceedings, it is of no import that Father does not assert that the trial court prohibited him from presenting evidence relevant to that issue. The trial court violated Father's procedural due process rights by deciding a matter that, by its own assertion, was not before the court. Phrased differently, Father was an "unsuspecting party [who] ha[d] no opportunity during the proceedings to voice his objections or match his case to the altered issue." *In Interest of M.B.*, *supra*, at 601.

Accordingly, we affirm the trial court's award of primary physical custody to Mother and vacate the order as it pertains to the award of sole legal custody.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/28/20