**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**David SNELL, Appellant.**

Superior Court of Pennsylvania.

Submitted April 5, 1999.

Filed July 27, 1999.

Dann S. Johns, York, for appellant.

Susan R. Emmons, Asst. Dist. Atty., York, for Com., appellee.

Before HUDOCK, JOYCE and STEVENS, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of York County, which, among other things, extended a PFA order against Appellant following Appellant's conviction for indirect criminal contempt.[1] For the reasons set forth below, we affirm.

¶ 2 On August 6, 1997, an order pursuant to the Protection From Abuse Act ("PFAA"), 23 Pa.C.S. § 6101 *et seq.*, was issued against Appellant setting forth a one year period of no contact between Appellant and his estranged wife. Specifically, the PFA order enjoined Appellant from "abusing, harassing, threatening or stalking [his wife] or placing her in fear of abuse at any place that she may be found." Order of the Lower Court, dated 8/6/97, at 3–4. Appellant first violated that order in the early morning hours of March 3, 1998, when he tried to enter his wife's home without her consent. For his misconduct, Appellant was found guilty of indirect criminal contempt and placed on six months' probation, ordered to pay costs, and required to undergo evaluation and treatment for alcohol abuse. However, the court denied without prejudice the Commonwealth's request for a one year extension of the PFA order, instructing that the victim may pursue such relief in civil court.

¶ 3 On June 6, 1998, the Commonwealth again charged Appellant with indirect criminal contempt when Appellant allegedly engaged wife in a hostile exchange during a family function. A contempt hearing took place on June 15, 1998, and

1. Appellant has filed the within appeal as one of two appeals that present identical questions for review and derive from the same judgment of sentence and extension of the PFA order of August 6, 1997. Given the identity between the two appeals, we deemed the second appeal docketed at No. 1441 Harrisburg 1998 superfluous and, accordingly, quashed it.

the evidence established that Appellant contravened the PFA order when he arranged with wife to meet her and their young child at the function.[2] Appellant further violated the order when he initiated a heated argument with wife after she eventually attempted to take their child and leave the function. According to testimony, Appellant, who became intoxicated during the function, refused to return the child and engaged wife in a shouting match until his family members had to restrain him and retrieve the child so that wife and child could leave.

¶ 4 At the conclusion of the contempt hearing, the trial court found Appellant guilty and sentenced him to serve sixty days in house arrest followed by four months' probation to run consecutive to the six months' probation then still in effect, to complete a batterer's intervention program, and to continue drug and alcohol counseling. The court then ruled, over objection, that Appellant's two contempt convictions in less than a year warranted the extension of the PFA order then in effect, as Appellant was "engaged in a pattern or practice that indicates that he will continue to be a risk of harm to [wife]." N.T. 6/15/98 at 47–48. Accordingly, the court extended the effective period of the PFA order an additional year from the date of sentence. After the denial of post-sentence motions, this timely appeal followed.

¶ 5 In the interest of appellate review, we first address Appellant's final challenge, which states that his conviction was improper since the trial court's specified reasons for convicting Appellant of contempt were different from the allegations supporting the charge in the criminal complaint. Appellant, however, confuses the purpose of a criminal complaint with the Commonwealth's burden of proof at a Section 6114 hearing.

██ ¶ 6 A criminal complaint need simply contain "facts sufficient to advise the defendant of the nature of the offense charged, but neither the evidence nor the statute allegedly violated need be cited. . . ." Pa.R.Crim.P. 104(6)(a). It follows, then, that the Commonwealth may introduce at trial evidence not specified within the four corners of the criminal complaint, provided that such evidence is material and competent to the charge and presents no other reason, evidentiary or otherwise, for its preclusion. *See Commonwealth v. Mutzabaugh*, 699 A.2d 1289 (Pa.Super.1997). The factfinder, in turn, may properly convict on such evidence as long as each element of the charge was proven beyond a reasonable doubt. *Commonwealth v. Nelson*, 456 Pa.Super. 349, 690 A.2d 728 (1997).

██ ¶ 7 The criminal complaint in the within case clearly advised Appellant of the contempt charge against him, as it contained facts which explained that Appellant violated the PFA order of August 6, 1997, "by pushing and chasing Melissa Snell at a family function at a residence along White Oak Road, on 23 May 1998 at approximately 2045 hrs." Criminal Complaint dated 6/4/98. Thus, the complaint was sufficient to place Appellant on notice that he was in jeopardy of being convicted of criminal contempt specifically for his conduct at the family function. The fact that the trial court ultimately based its decision to convict on additional evidence adduced at the hearing was not judicial error, since the record makes clear that such evidence was relevant and established beyond a reasonable doubt that Appellant violated the PFA order then in effect. Therefore, we dismiss Appellant's challenge to the contempt conviction as being without merit.

¶ 8 We next address Appellant's claim that the trial court abused its discretion when it extended the PFA order as part of the sentence for Appellant's indirect crimi-

---

2. The order also forbade Appellant from meeting with wife unless the court, upon re-

ceiving a written request from the parties, authorized such a meeting.

nal contempt conviction. Specifically, Appellant argues that extending a PFA order is a remedy unique to a civil proceeding and may be accomplished only after a petition to the civil docket is filed, notice is sent to the defendant, and a civil hearing is held. We disagree.

¶ 9 The purpose of the PFAA is to protect victims of domestic abuse, and it does so through numerous provisions that enable courts to respond quickly and flexibly to both early signs and subsequent acts of abuse with the issuance of protection orders. *Snyder v. Snyder*, 427 Pa.Super. 494, 629 A.2d 977, 981 (1993). The trial court has discretion in choosing between remedies afforded by the PFAA, and this Court will review the trial court's determination of what constitutes an appropriate remedy only for abuse of discretion. *Snyder v. Snyder*, 427 Pa.Super. 494, 629 A.2d 977 (1993).

¶ 10 When a defendant allegedly violates a protection order, Section 6114 of the PFAA allows police or a plaintiff to file a charge of indirect criminal contempt against the defendant. While punishing the contemnor is the primary goal of a contempt proceeding under Section 6114, *See Commonwealth v. Nelson*, 456 Pa.Super. 349, 690 A.2d 728, 731 (1997), the legislative intent to also prevent further abuse through such a proceeding cannot be denied, as the plain language of the statute grants the court discretion to include in a sentence for contempt "other relief set forth in [the PFA]." *See* 23 Pa.C.S.A. § 6114(b).[3] The remaining relief set forth in the PFA is specifically enacted to stop the perpetration of abuse and includes the relief applied in the within case, namely, the extension of a protection order when a court finds that "defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child." *See* 23 Pa.C.S.A. § 6108.

¶ 11 We thus recognize that the PFA confers authority unto a court presiding over a Section 6114 contempt hearing to bring about the cessation of abuse between parties and does not require a separate civil proceeding to extend an existing PFA order. Accordingly, we find that no abuse of the trial court's discretion occurred when it extended the PFA order in the within case. To hold otherwise would thwart the Act's overriding purpose of allowing courts to act swiftly to protect victims of continuing domestic abuse.

¶ 12 Appellant next contends that the extension of the order violated his due process rights under the State and Federal Constitutions. However, contrary to Appellant's protestations, we find that the above-quoted language of Section 6114 provided him with sufficient notice that the court could grant such relief upon a finding of guilt and that the contempt hearing provided him with sufficient opportunity to be heard on the extension issue. Indeed, there is nothing in the record that indicates Appellant was denied the right to make a statement or call witnesses to oppose the extension to the PFA order. Nor does the record show that Appellant, who was represented by counsel at all times relevant hereto, requested a continuance to allow him further opportunity to call such witnesses. In short, a subsequent civil hearing on the same set of facts that

---

3. Section 6114 reads, in pertinent part:
§ 6114. Contempt for violation of order or agreement
(a) General rule.—Where the police or the plaintiff have filed charges of indirect criminal contempt against a defendant for violation of a protection order issued under this chapter or a court-approved consent agreement, the court may hold the defendant in indirect criminal contempt and punish the defendant in accordance with law.

. . .

(b) Trial and punishment.—A sentence for contempt under this chapter may include imprisonment up to six months or a fine of not less than $100 nor more than $1,000, or both, and may include other relief set forth in this chapter. . . . The defendant shall not have a right to a jury trial on such a charge; however, the defendant shall be entitled to counsel.

were aired in the within contempt hearing would be superfluous.

¶ 13 We also note that, before the trial court could extend the PFA order in question, it was required to be convinced beyond a reasonable doubt that Appellant violated the PFA order in question. Such a heightened standard afforded Appellant more protection than would have the preponderance of the evidence standard applicable in a civil hearing to extend the PFA order. Thus, we conclude Appellant was not deprived of his due process rights in the proceeding below.

¶ 14 Appellant next offers the bare assertion that the Commonwealth waived the right to pursue an extension of the PFA in the contempt case below when it failed to appeal the denial of an extension request in an earlier, separate contempt proceeding. The contempt proceeding from which the within appeal derives was distinct from the earlier contempt case and arose from an entirely separate violation of the PFA order. Accordingly, the Commonwealth was not precluded from pursuing an extension in the proceedings below, and the lower court was free to impose a sentence befitting the separate violation and conviction.

¶ 15 Finally, we reject Appellant's argument that the evidence was insufficient to support the extension of the August 6, 1997 PFA order. Section 6108(e) of the PFAA allows for the extension of a PFA order where a court finds, as the trial court did below, that the defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child. The record shows that Appellant placed wife at a risk of harm twice within several months, when he punched through a window in an attempt to enter wife's home during a night of drinking, and then when, while intoxicated at a family picnic, he shouted at wife, refused to hand their young child back to her, and was physically restrained by others as he became increasingly hostile. Such evidence, when read in a light most favorable to the Commonwealth as verdict winner, was sufficient to establish that Appellant represented a continued risk to wife, and, as such, supported the extension of the PFA order against Appellant.

¶ 16 For all the foregoing reasons, we affirm.

¶ 17 Affirmed.