J-A32028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.Y. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| A.D.P. | |
| Appellant | No. 486 EDA 2016 |

Appeal from the Order January 27, 2016
In the Court of Common Pleas of Philadelphia County
Family Court at No(s): 1511V7330

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                           **FILED MARCH 09, 2017**

Appellant, A.D.P., appeals from the order entered on January 27, 2016, granting a petition for a protection from abuse order ("PFA") filed by Appellee, M.Y.  We affirm.

We adopt the following statement of facts from the trial court's opinion, which in turn is supported by the record.  ***See*** Trial Court Opinion (TCO), 5/13/16, at 2-4.  Appellant and Appellee began their romantic relationship in 2011 and have a minor child together.  They cohabited in Philadelphia, Pennsylvania and were engaged to be married.  However, on November 16, 2015, Appellant and Appellee had an argument that escalated to physical violence.

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellant punched Appellee in the side of the face with such force that he knocked her off the bed. Appellant pulled Appellee by the hair and banged her head against a bench. He kicked Appellee in the head, side, and ribs as she tried to protect herself. Appellee attempted to reach her cell phone but Appellant forcibly took it from her, cracked the glass, and threw the phone against the toilet. Appellee threw the phone back at Appellant, striking him in the face.

As Appellee tried to reach a second phone, Appellant grabbed her by the neck and strangled her. Appellee could not breathe and felt as though she might pass out. Finally, Appellee freed herself and screamed. Appellant let go of her neck, and Appellee dressed, left the apartment, and called the police.

An ambulance arrived, but Appellee declined transportation due to her lack of health insurance. Police did not arrest either party at that time but issued a report. The next day, Appellee felt drowsy and went to the emergency room at Jeanes Hospital. She was discharged with a diagnosis of closed head trauma and abrasions. Appellee suffered a head injury, cuts to her fingers, rug burns, and a bruise in her eye. These injuries were corroborated by photographs taken a week after the incident.

On November 19, 2015, Appellee filed a PFA against Appellant. After an *ex parte* hearing, the court granted Appellee a full temporary PFA that ordered Appellant have no contact with Appellee, evicted him from their shared apartment, and ordered him to stay away from that address. On

November 25, 2015, Appellee filed a petition for contempt, alleging that Appellant had violated the terms of the temporary PFA.

On January 27, 2016, the court held a trial on the PFA petition and a hearing on the civil contempt petition. Both Appellant and Appellee appeared and testified. Appellee testified that the November 16, 2015 incident was not the first time Appellant had seriously assaulted her, but she did not report due to fear. Appellant testified that Appellee had a drinking problem, stayed out three nights a week, and that he had never assaulted Appellee. At the conclusion of the hearing, the court granted Appellee a final PFA for a period of three years and denied the petition for contempt. Appellant timely filed a motion for reconsideration, which the court denied.

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises a single issue for our review:

Whether the trial court committed an error of law and/or abused its discretion in finding that there was no evidence to sustain the entry of a protection from abuse order?

Appellant's Brief at 4.

Appellant claims that the evidence was insufficient to sustain the entry of a three-year PFA order. *See* Appellant's Brief at 16. Essentially, Appellant contends a final PFA was not needed where both parties had agreed they were not interested in living together in the future. *See* Appellant's Brief at 18. Appellant argues that the only remedy needed for a

cessation of abuse was an order directing the parties to quit the shared domicile, with a provision that Appellant was not to have contact with Appellee. *Id.* at 19.

In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion. *Hood-O'Hara v. Wills*, 873 A.2d 757, 759 (Pa. Super. 2005). When a claim is presented that the evidence is not sufficient to support a PFA order,

> we review the evidence in the light most favorable to the petitioner, and granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence.

*Ferri v. Ferri*, 854 A.2d 600, 602 (Pa. Super. 2004). We "defer[] to the credibility determinations of the trial court as to witnesses who appeared before it." *Raker v. Raker*, 847 A.2d 720, 724 (Pa. Super. 2004).

The Protection from Abuse Act is designed "to bring about a cessation of abuse of the plaintiff." 23 Pa.C.S. § 6108. It defines "abuse" as "(i) intentionally, knowingly, or recklessly causing bodily injury; [or] (ii) placing another in reasonable fear of imminent bodily injury." *Id.* at § 6102. The trial court has discretion in choosing between remedies afforded by the Act. *See Commonwealth v. Snell*, 737 A.2d 1232, 1235 (Pa. Super. 1999).

As noted above, Appellant claims that he is attacking the sufficiency of the evidence. However, his argument does not address the sufficiency of the evidence in any meaningful way. Instead, he argues that the entry of a three-year PFA was unwarranted and an abuse of discretion, and a less

restrictive remedy should have been implemented, as he stands to lose his job.  **See** Appellant's Brief at 18-19.  This is not an attack on the sufficiency of the evidence so much as it is the appropriateness of the remedy.  Further, Appellant does not cite to any authority to support this position. Accordingly, we find that Appellant has waived his arguments on appeal. **See** Pa.R.A.P. 2119(a)-(c); **see also Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Even if we were not to find waiver, Appellant's attacks on the sufficiency of the evidence are meritless.  Appellee testified that Appellant punched her in the side of the face; pulled Appellee by her hair; slammed Appellee's head against a bench; kicked Appellee in the head, side, and ribs; broke her phone to prevent her from calling for help; and choked her until she almost lost consciousness.  The injuries were severe enough that Appellee sought medical attention and was discharged from the emergency room with a diagnosis of closed head trauma, and further suffered cuts on her fingers, rug burn on her arm, a bruised eye, and a "red line" through her eye.  Further, Appellee testified to prior instances of abuse where Appellant had punched her in the head.  The trial court found her testimony credible.

This evidence was sufficient to find that Appellant had abused Appellee per the requirements of the act.  **See Raker**, 847 A.2d 720, 723-25 (noting that evidence sufficient for entry of PFA where defendant hit petitioner on

several occasion, petitioner testified to existence of bruises and indications of abuse on petitioner's body, and defendant repeatedly threatened petitioner); *see also Custer v. Cochran*, 933 A.2d 1050, 1058-59 (Pa. Super. 2007) (finding that arm pain lasting several days after altercation, which was not the first instance of abuse, justified entry of PFA);

Accordingly, the trial court did not err or abuse its discretion in finding that Appellee had proven by preponderance of the evidence that: 1) Appellant had abused her, and 2) Appellee suffered bodily injury in the process. This warranted issuance of a protection from abuse order. *See Ferri*, 854 A.2d at 602; *Raker*, 847 A.2d at 724.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2017