J-A13013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

A.J.I.                                    :    IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
                                          :
              v.                          :
                                          :
                                          :
                                          :
L.P.                                      :
                                          :
            Appellant                     :    No. 1800 EDA 2020

Appeal from the Order Entered August 26, 2020
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2020-60006

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:              **FILED AUGUST 04, 2021**

A.J.I., a minor ("Appellant"), appeals from the August 26, 2020 order,

granting a six-month extension on a final protection from abuse ("PFA") order

entered against her, pursuant to a petition brought under the Protection from

Abuse Act (the "PFAA" or the "Act"), 23 Pa.C.S. § 6101 *et seq*., by minor, L.P.

("Appellee").  After careful review, we vacate the order.

We glean the following relevant facts and procedural history from the

record.[1]  On January 3, 2020, Appellee obtained a temporary PFA order

against Appellant, which directed Appellant to have no contact with Appellee,

his residence, or his parents' residence.  A hearing was scheduled on the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Due to the number of procedural inconsistencies and irregularities in this
case, a detailed account of the procedural history is necessary.

matter for January 15, 2020.[2] After the Bucks County sheriff was unable to obtain service of the notice of hearing on Appellant, the trial court granted a one-month continuance of the temporary PFA order and rescheduled the hearing for February 12, 2020. At the February 12, 2020 hearing, per Appellant's request, the trial court granted one last continuance. It continued the temporary PFA order to March 11, 2020, and scheduled a final PFA hearing for the same date. Appellant was served with proper notice of the hearing and, at the conclusion of the March 11, 2020 proceeding, the trial court issued a final PFA order, with an expiration date of March 13, 2022. *See* Trial Court Order ("Final PFA Order"), 3/11/20, at 1-4 (unpaginated).[3]

On May 10, 2020, Appellee observed, via his Ring surveillance camera, Appellant approach his home and drop off a package at the front door. Appellee subsequently forwarded the footage to the Falls Township Police Department, which led to Appellant's arrest on May 18, 2020. The police filed a complaint, pursuant to Section 6113(a) of the PFAA, charging Appellant with

---

[2] The temporary PFA order was set to expire on the same date as the hearing.

[3] We note that the March 11, 2020 order was issued on a *temporary* PFA order form. Although the order was titled as a *temporary* PFA order, we discern that the trial court intended for this to be a *final* PFA order, based on the 2-year effective period of the order, in addition to our observation that no further hearings were scheduled in this matter. Hence, we treat the March 11, 2020 order herein as the *final* PFA order.

one count of indirect criminal contempt for her violation of the PFA order.[4]

*See* 23 Pa.C.S. § 6113(a) (providing police with the authority to make an arrest for violation of a PFA order "without warrant upon probable cause"). A criminal contempt hearing was originally scheduled for July 1, 2020, but was continued to August 26, 2020, per Appellee's request. The Honorable Susan D. Scott presided over the hearing, at which Appellant appeared *pro se*. Both parties testified at the hearing. Appellant was given the opportunity to cross-examine Appellee, but she declined. When asked what type of relief Appellee was requesting, he indicated to Judge Scott that he simply wanted an extension of the PFA order against Appellant to provide himself with additional protection, as Appellant had violated the existing order. *See* N.T. Hearing, 8/26/20, at 11-12.

Without making any finding of criminal contempt on the record, the trial court granted Appellee's request and issued a six-month extension of the existing PFA order. *See id.* at 12-14; Trial Court Order ("Extended PFA Order"), 8/26/20, at 1-4 (unpaginated).[5] In conjunction with the Extended

---

[4] "Indirect criminal contempt occurs when a party violates a court order or decree outside the presence of the court. Direct criminal contempt, in contrast, is the misbehavior of any person that takes place in the presence of the court which obstructs the administration of justice." *Stamus v. Dutcavich*, 938 A.2d 1098, 1100 n.2 (Pa. Super. 2007) (internal quotation marks and citations omitted).

[5] Again, the trial court used a *temporary* PFA order form to grant the extension. We believe, however, that the trial court should have used a *final* PFA order form, in compliance with Pa.R.C.P. 1905(e), since the court's ruling
*(Footnote Continued Next Page)*

PFA Order, the court filed a Miscellaneous Criminal Court and Information Sheet ("Information Sheet"), which appears to be signed by Judge Scott and puzzlingly indicates the following disposition: "6[-]month extension granted on PFA. *[Appellant] found in contempt*." Information Sheet, 8/26/20 (single page; emphasis added). We observe that the disposition of the Extended PFA Order does not correspond with the disposition indicated on the court's Information Sheet filed on the same date. Notably, the Extended PFA Order does *not* make a finding that Appellant was in indirect criminal contempt of a PFA order, nor does the order expressly state that the trial court granted a six-month extension of the PFA order. It merely reflects a new expiration date of February 26, 2023.

On September 25, 2020, Appellant filed a notice of appeal, in which she purports to appeal from "the judgment of sentence entered on August 26, 2020[,] … as evidenced by the attached copy of the docket entry." **See** Notice of Appeal, 9/25/20 (single page). Attached to the notice is a copy of the trial court docket, which contains only the following two entries dated August 26, 2020: "Hearing held and miscellaneous criminal court sheet filed[,]" Docket Entry 22 at Docket No. 2020-60006;[6] "Temporary order entered awarding

_____

is essentially an extension of the Final PFA Order. **See** Pa.R.C.P. 1905(e) (providing an option to indicate that the order is an "extended order" of a final PFA order). We admonish the trial court for its failure to utilize the appropriate forms in compliance with the Pennsylvania Rules of Civil Procedure, as it creates confusion amongst the parties and hinders our appellate review.

[6] **See** Information Sheet (single page).

- 4 -

[Appellee] protection from abuse. Expires 2/26/2023." Docket Entry 23 at Docket No. 2020-60006.[7] Thus, the only order reflected on the docket is the Extended PFA Order. There is no docket entry indicating a finding of contempt or judgment entered against Appellant.

Additionally, Appellant's counsel indicated in the docketing statement filed with this Court: "Appellant was found in contempt and a six-month extension was granted on the PFA." Docketing Statement, 10/28/20, at 4 ¶ F.1. (unpaginated). Attached to the docketing statement was the purported order on appeal. Our review of the attachment, however, reveals only the Information Sheet noting the following disposition: "6[-]month extension granted on PFA. [Appellant] found in contempt." The Information Sheet is not appealable nor enforceable. "[No] *order* of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a) (emphasis added). "Every *order* shall be set forth on a separate document." Pa.R.A.P. 301(b) (emphasis added). **See** Pa.R.A.P. 102 (defining an "order" as including a "judgment, decision, decree, sentence[,] and adjudication").

Based on the foregoing inconsistencies, it is unclear whether Appellant is appealing from the Extended PFA Order or if she is attempting to appeal from an alleged finding of indirect criminal contempt. Accordingly, we directed

---

[7] **See** Extended PFA Order. We acknowledge that Docket Entry 23 is misleading, as a result of the trial court's failure to properly title its order as an extension of a final PFA order.

Appellant to show cause as to "what order is being appealed and the finality and/or appealability of the order on appeal." *Per Curiam* Order, 11/2/20, at 2. In a timely response, counsel for Appellant explained that she filed the notice of appeal in this matter based on Appellant's representation that the trial court made a finding of contempt at the August 26, 2020 hearing. Appellant's Answer to Rule to Show Cause, 11/4/20, at 2 ¶7 (unpaginated).[8] Subsequently, counsel obtained the notes of testimony from the hearing. After reviewing the transcript, counsel avers that the trial court purportedly conducted a criminal contempt hearing; however, it failed to make a ruling from the bench as to whether Appellant was found in contempt. *Id.* at 3 ¶11 (unpaginated). Counsel further notes that Judge Scott did rule that the existing PFA order against Appellant is to be extended for an additional six months. *Id.* at 3 ¶12 (unpaginated). Hence, Appellant remains uncertain as to whether the trial court intended to find her in contempt. *Id.* at 3 ¶13 (unpaginated).

On January 20, 2021, the trial court issued a Pa.R.A.P. 1925(a) opinion, in which it stated:

> After reviewing the case file, this court read the transcript of the August 26, 2020 proceeding and discovered that there was no finding on the record of criminal contempt, and the court only extended the PFA for six months. Upon review, the [Information Sheet] dated August 26, 2020[,] incorrectly noted that [Appellant] was found in criminal contempt. This court then entered an

---

[8] Counsel reminds this Court that Appellant was not represented by an attorney at the criminal contempt hearing. *Id.* at 1 ¶3 (unpaginated).

> [o]rder dated January 4, 2021[,] to correct the record and redact the portion of the … Information Sheet that stated, "[Appellant] found in contempt."

Trial Court Opinion ("TCO"), 1/20/21, at 2-3.[9]  We observe that the trial court docket in this matter does *not* reflect the entry of such an order; however, the certified record contains the trial court's January 4, 2021 *sua sponte* order and the redacted Information Sheet.  **See** Information Sheet, 1/4/21 (single page).[10]

In her brief, Appellant presents the following questions for our review:

A. Did the trial court err in ordering that the [PFA] order be extended for an additional six months where no finding of contempt was entered of record?

B. Did the trial court err in finding that Appellant knowingly, voluntarily, and intelligently waived her right to be represented by counsel at the hearing on the indirect criminal contempt?

C. Did the trial court err in finding that the Commonwealth proved beyond a reasonable doubt that Appellant was in indirect criminal contempt?

Appellant's Brief at 4.

Before we may address the merits of Appellant's claims, we must determine whether these issues are properly before us.  "The appealability of an order goes directly to the jurisdiction of the Court asked to review the

---

[9] The trial court's opinion was issued by the Honorable James M. McMaster, as Judge Scott had resigned from her position with the court at the time of this appeal.

[10] On March 2, 2021, after reviewing Appellant's response to the rule to show cause and the trial court's Rule 1925(a) opinion, this Court issued a *per curiam* order discharging the rule to show cause and deferring decision on the merits of this case to this panel.  *Per Curiam* Order, 3/2/21 (single page).

order." **Stahl v. Redcay**, 897 A.2d 478, 485 (Pa. Super. 2006) (internal brackets and citation omitted).

> Pennsylvania law makes clear that an appeal may be taken from a final order or an order certified as a final order [(Pa.R.A.P. 341)]; an interlocutory order as of right [(Pa.R.A.P. 311)]; an interlocutory order by permission [(Pa.R.A.P. 312, 1311; 42 Pa.C.S. § 702(b))]; or a collateral order [(Pa.R.A.P. 313)]. A final order is one that disposes of all the parties and all the claims in a case, is expressly defined as a final order by statute, or is entered as a final order pursuant to the trial court's determination. **In re N.B.**, 817 A.2d 530, 533 (Pa. Super. 2003) (citing Pa.R.A.P. 341(b)(1)-(3)).

**Takosky v. Henning**, 906 A.2d 1255, 1258 (Pa. Super. 2006) (footnotes omitted).

As discussed *supra*, the procedural inconsistencies in this matter have created confusion as to the subject of Appellant's appeal. Although Appellant's notice of appeal indicates that she is appealing from the judgment of sentence entered on August 26, 2020, presumably on a finding of indirect criminal contempt, there is no such judgment on the docket from which to appeal. Moreover, based on the trial court's confirmation in its opinion, as well as our own independent review of the hearing transcript, it is clear that no finding of contempt was made on the record. The transcript does reflect, however, that Judge Scott issued a six-month extension of the PFA order. **See** N.T. Hearing at 12. Despite her reasoning for awarding the extension, Judge Scott's ruling effectively resulted in an extension of the Final PFA Order previously entered

against Appellant in this case, and this ruling has not been redacted by the trial court.[11]

The only order reflected on the docket attached to and referenced in Appellant's notice of appeal is the Extended PFA Order. Granted, the corresponding docket entry is misleading, as it references the awarding of a *temporary* PFA.[12] Nevertheless, we consider the Extended PFA Order, entered on August 26, 2020, to be merely an extension of the March 11, 2020 Final PFA Order[13] and, thus, appealable. ***See*** Pa.R.A.P. 341; ***In re J.E.D.***, 879 A.2d 288, 291 (Pa. Super. 2005) (concluding that an order modifying the appellant's restitution was a final, appealable order); ***In re R.B.***, 765 A.2d 396, 400 (Pa. Super. 2000) (determining that a review order in a delinquency case must be treated as a final, appealable order, on the grounds that it modified a previously entered, final order of disposition). Hence, under the unique circumstances of this case and in keeping with the spirit of ***Johnston the Florist v. TEDCO Const. Corp.***, 657 A.2d 511 (Pa. Super. 1995), we deem this to be an appeal from the Extended PFA Order. ***See Johnston the Florist***, 657 A.2d at 514-15 (regarding "as done that which ought to have been done" in the interest of judicial economy). ***See also*** 42 Pa.C.S. § 742 (providing that "[t]he Superior Court shall have exclusive appellate jurisdiction

---

[11] The trial court's January 4, 2021 order redacts *only* the portion of the Information Sheet stating "[Appellant] found in contempt."

[12] We recognize that an appeal from a temporary PFA order is interlocutory.

[13] The trial court is instructed to correct the docket entries accordingly.

of all appeals from final orders of the courts of common pleas[,]" subject to certain exceptions which do not apply here).

Having determined that this Court has jurisdiction over this appeal, we proceed with addressing the merits of the issues raised by Appellant.

> Our standard of review for PFA orders is well[-]settled. "In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." **Drew v. Drew**, 870 A.2d 377, 378 (Pa. Super. 2005) (quoting **Ferri v. Ferri**, 854 A.2d 600, 602 (Pa. Super. 2004)). When interpreting statutes, "we exercise plenary review." **Commonwealth v. Fedorek**, 913 A.2d 893, 896 (Pa. Super. 2006) (citing **Commonwealth v. Magliocco**, … 883 A.2d 479, 481 ([Pa.] 2005)).

**Stamus**, 938 A.2d at 1100.

For ease of disposition, we begin by examining Appellant's final issue regarding the trial court's finding of indirect criminal contempt. Appellant argues that there was insufficient evidence to support the court's finding of contempt. **See** Appellant's Brief at 11. Appellant's claim is moot. As discussed above, it is clear that Appellant was never found in contempt on the record. To the extent that any confusion existed as to whether the trial court had made such a finding, the trial court has since clarified in its Rule 1925(a) opinion that no contempt finding was made, and it has redacted the notation regarding a contempt finding on the Information Sheet as erroneous. **See Orfield v. Weindel**, 52 A.3d 275, 277 (Pa. Super. 2012) (citation omitted) ("Our Courts cannot decide moot or abstract questions….").

Next, we consider Appellant's claim that the trial court erred in ordering a six-month extension of the PFA order without first making the requisite

- 10 -

finding of contempt. Preliminarily, we note that this issue was not included in Appellant's Rule 1925(b) concise statement; thus, we must decide whether this issue is properly before us. Appellant explains that she filed her Rule 1925(b) statement "based upon the record as it existed at the time[,]" but that the trial court subsequently filed an order *sua sponte* redacting its "finding" of contempt. Appellant's Brief at 13. Appellant asserts that she had no reason to believe this issue existed at the time she filed her concise statement and argues that she should not be penalized for failing to anticipate that the trial court would *sua sponte* redact the purported "contempt finding," but leave the six-month extension intact, almost five months after the Information Sheet was initially filed. *Id.* at 14.

"[I]n determining whether an appellant has waived issues based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation … therefore, we look first to the language of that order." *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013). *See also Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1008 n.11 ("[A]bsent an order by the trial court, an appellant has no obligation to file a Rule 1925(b) statement."). Instantly, the trial court issued an order dated October 16, 2020, instructing Appellant to file of record and serve on the judge a Rule 1925(b) statement no later than 14 days from the date of receipt of the transcripts in this matter. The order explicitly stated: "Any issue not properly included in the timely filed statement of errors complained of on appeal and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Trial Court

Order, 10/16/20 (single page). Appellant timely complied and filed her Rule 1925(b) statement on November 4, 2020, after receiving the notes of testimony on October 28, 2020.

"[A]s a general rule, the failure to raise an issue in an ordered Rule 1925(b) statement results in the waiver of that issue on appeal." *Commonwealth v. Poncala*, 915 A.2d 97, 100 (Pa. Super. 2006) (citing *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). "Nevertheless, if the appellant has no way to anticipate the court's rationale for its decision, the appellant's Rule 1925(b) statement will of necessity challenge the court's ruling in terms based on the available information." *Id.* (citing *Commonwealth v. Zheng*, 908 A.2d 285, 287 (Pa. Super. 2006)). The *Zheng* Court further explained:

> If the reasons for the ruling of the [c]ourt are vague, then an appellant is forced to file an incomplete Rule 1925(b) statement and *there is no violation of Rule 1925(b)*. Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling. Counsel then can only do his or her best to identify [an] appellant's complaints.

*Zheng*, 908 A.2d at 288 (emphasis added). After determining that the judge in *Zheng* did not issue findings of fact and conclusions of law and failed to explain from the bench why the judge convicted Zheng, the Court reiterated: "[I]f the trial ruling is vague, we cannot find waiver for failure to include an issue in the Rule 1925(b) statement that could not be known until clarification is made in the Rule 1925(a) opinion. Justice requires such a result." *Id.*

Similarly, in the instant matter, Judge Scott failed to explain her ruling from the bench. No statement of facts or conclusions of law were issued, and no memorandum was filed in conjunction with the Extended PFA Order; thus, the court's reasoning for granting the six-month extension was never made clear. Based on the notations found on the Information Sheet filed by the court on the same date as the contempt hearing, it was reasonable for Appellant to assume at the time her concise statement was filed that the judge *intended* to find Appellant in contempt and that the six-month extension of the PFA order was the sentence imposed for this violation. The trial court did not clarify its position that no contempt finding was made or redact the language referencing a contempt finding on the Information Sheet until two months *after* the filing of Appellant's Rule 1925(b) statement. Given the circumstances of this case and the applicable law, we will not conclude that Appellant's failure to include the issue regarding the validity of the six-month extension in her concise statement resulted in waiver. We now turn to the merits of this claim.

The goal of the PFAA is to protect victims of domestic abuse. **See Commonwealth v. Walsh**, 36 A.3d 613, 618 (Pa. Super. 2012). "The PFA[A] operates to protect victims of domestic violence and permit the courts to respond quickly and flexibly to both early signs and subsequent acts of abuse with the issuance of protection orders." **Id.** "The trial court has discretion in choosing between remedies afforded by the PFAA, and this Court will review

the trial court's determination of what constitutes an appropriate remedy only for abuse of discretion." ***Commonwealth v. Snell***, 737 A.2d 1232, 1235 (Pa Super. 1999).

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

***National Cas. Co. v. Kinney***, 90 A.3d 747, 753 (Pa. Super. 2014) (citations omitted).

"The procedure for finding a defendant in violation of a PFA order is set forth in [S]ections 6113 through 6114.1 of the [PFAA.]" ***Stamus***, 938 A.2d at 1100. After a complaint of indirect criminal contempt is filed by the police against a defendant pursuant to Section 6113, the trial court is required by statute to order a prompt contempt hearing. ***Id.*** (citing 23 Pa.C.S. § 6113(f)). At the conclusion of the hearing, the court may hold the defendant in indirect criminal contempt and punish the defendant in accordance with the law. ***Id.*** (citing 23 Pa.C.S. § 6114(a)). Pursuant to Section 6114(b), a sentence for contempt in connection with a violation of a PFA order may include a fine of not less than $300 nor more than $1,000, imprisonment up to six months, supervised probation not to exceed six months, and "an order for other relief set forth in this chapter." 23 Pa.C.S. § 6114(b)(1). "The defendant shall not have a right to a jury trial on a charge of indirect criminal contempt. However, the defendant shall be entitled to counsel." 23 Pa.C.S. § 6114(b)(3).

Additionally, we note that Section 6108(d) provides a court "may amend its [PFA] order … at any time *upon subsequent petition* filed by either party." 23 Pa.C.S. § 6108(d) (emphasis added). Notably, Section 6117(a) clarifies that modification of a PFA order under Section 6108 may only be entered *after* the filing of a petition for modification, service of the petition, and a hearing on the petition. 23 Pa.C.S. § 6117(a); *Stamus*, 938 A.2d at 1100. "Furthermore, [S]ection 6108(e)(1)(i) mandates 'a duly filed petition, notice to the defendant[,] and a hearing' before an extension of the protection order may be granted." *Stamus*, 938 A.2d at 1101 (citing 23 Pa.C.S. § 6108(e)(1)(i)).

Here, Appellant claims that the trial court had no authority to extend the PFA order against her by six months if there was no specific finding of contempt. Appellant's Brief at 14-15 (citing 23 Pa.C.S. § 6114(b)(4); *Commonwealth v. Snell*, 737 A.2d 1232 (Pa. Super. 1999)). Appellant notes that in *Snell*, the trial court extended the effective period of the PFA order an additional year, *after finding the appellant guilty of indirect criminal contempt* for contravening the existing PFA order against him. The *Snell* Court explained:

> When a defendant allegedly violates a protection order, Section 6114 of the PFAA allows police or a plaintiff to file a charge of indirect criminal contempt against the defendant. While punishing the contemnor is the primary goal of a contempt proceeding under Section 6114, *[s]ee Commonwealth v. Nelson*, … 690 A.2d 728, 731 ([Pa. Super.] 1997), the legislative intent to also prevent further abuse through such a proceeding cannot be denied, as the plain language of the statute grants the court discretion to include

in a sentence for contempt "*other relief set forth in [the PFAA]*." **See** 23 Pa.C.S.[] § 6114(b).[3] The remaining relief set forth in the PFA[A] is specifically enacted to stop the perpetration of abuse and includes the relief applied in the within case, namely, *the extension of a protection order* when a court finds that "defendant engaged in a pattern or practice that indicates continued risk of harm to the plaintiff or minor child." **See** 23 Pa.C.S.[] § 6108.

> [3] … We thus recognize that the PFA[A] confers authority unto a court presiding over a Section 6114 contempt hearing to bring about the cessation of abuse between parties and does not require a separate civil proceeding to extend an existing PFA order.

**Snell**, 737 A.2d at 1235 (emphasis added).[14] The Court further stated that "before the trial court could extend the PFA order in question*, it was required to be convinced beyond a reasonable doubt that [the a]ppellant violated the PFA order in question*." **Id.** at 1236 (emphasis added).

Instantly, having already determined that the trial court failed to find Appellant guilty of indirect criminal contempt, we agree with Appellant that the trial court erred in extending the effective period of the March 11, 2020 Final PFA Order. The PFAA clearly provides trial courts with the authority to order an extension of a PFA order in connection with a contempt hearing, *but only after finding the defendant in contempt*. **See** 23 Pa.C.S. § 6114; **Snell**, 737 A.2d at 1235. Absent a contempt finding in the instant matter, the trial court had no authority to impose the six-month extension on Appellant as a form of relief under Section 6114.

---

[14] Accordingly, the **Snell** Court discerned no abuse of discretion in the trial court's extending the effective period of the PFA order, where the appellant had been found guilty of indirect criminal contempt. "To hold otherwise would thwart the Act's overriding purpose of allowing courts to act swiftly to protect victims of continuing domestic abuse." **Id.**

Moreover, while we acknowledge that Section 6108 permits a court to extend or modify a prior PFA order, such modification may only be done so in connection with the filing of a petition to modify by one of the parties. *See* 23 Pa.C.S. §§ 6108(d), 6117(a). In ***Stamus***, this Court flatly rejected the appellee's argument that the trial court may amend or dismiss a PFA order any time either party complains of an alleged violation of the order. *See* ***Stamus***, 938 A.2d at 1101. Because neither party in ***Stamus*** petitioned for modification of the PFA order "as required by [S]ections 6108(d) and 6117(a)," the Court concluded that the trial court's dismissal of the PFA order was improper in the context of a contempt hearing. ***Id.*** (stating "the issue of whether the order should be dismissed was simply not before [the court]"). The Court added:

> We are unable to comprehend how a complaint alleging violation of a PFA order, meant to trigger a contempt proceeding and seek enforcement of the order, can in any fashion be considered a petition to amend…. A petition is "a formal written request presented to a court or other official body." Std. Pa. Prac. § 15:18 (citing Black's Law Dictionary, 7th ed. (1999)). In contrast, a [S]ection 6113 or 6113.1 complaint … clearly seeks enforcement rather than amendment of a PFA order. *See* 23 Pa.C.S.[] § 6108(d). Section 6108(d) thus requires that a party seeking to amend or dismiss a PFA order must file a formal written request specifically seeking either amendment or dismissal of the order.

***Id.*** at 1102. Instantly, as in ***Stamus***, neither party filed a petition to amend the PFA order. The matter before the court was clearly a contempt hearing, seeking enforcement—not modification—of the Final PFA Order. Thus, we

- 17 -

cannot justify the trial court's extension of its prior PFA order under Section 6108(d) either.

Based on our disposition of this matter, we need not address the merits of Appellant's remaining issue regarding whether she knowingly, voluntarily, and intelligently waived her right to be represented by counsel at the contempt hearing. Nevertheless, we note that based on our review of the transcript, there was no colloquy conducted on the record with Appellant regarding her right to counsel and/or the waiver of that right. *See Cipolla v. Cipolla*, 398 A.2d 1053, 1056 (Pa. Super. 1979) (recognizing where one is accused of indirect criminal contempt, he "is entitled to the essential procedural safeguards that attend the criminal proceedings generally[,]" including the assistance of counsel); Pa.R.Crim.P. 121 (setting forth the procedure a judge must follow to determine whether the waiver of counsel was made knowingly, voluntarily, and intelligently).

Accordingly, we vacate the trial court's August 26, 2020 Extended PFA Order. The March 11, 2020 Final PFA Order, with an expiration date of March 13, 2022, remains in effect.

Order vacated. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/4/2021*