J-A01025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KRISTY BENSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL BENSON | : | |
| | : | |
| Appellant | : | No. 2290 EDA 2024 |

Appeal from the Order Entered July 29, 2024
In the Court of Common Pleas of Monroe County Civil Division at No(s):
004766-CV-2024

BEFORE:  DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 21, 2025**

Appellant, Paul Benson, appeals *pro se* from the order entered in the Monroe County Court of Common Pleas, which granted the petition of Appellee, Kristy Benson, filed under the Protection from Abuse ("PFA") Act.[1] We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> [Appellee] filed a petition for protection from abuse on July 19, 2024.  She alleged in her petition that she and [Appellant] were married with two children.  On July 18, 2024, [Appellant] picked up [their] son at a friend's house while [Appellant] was high on [a combination of crystal methamphetamine and benzodiazepines.] She [stated that] she feared for her children's safety and that [Appellant] had threatened to throw her out of the car while he was driving. She also alleged that he had locked her in rooms so that she

_____

[1] 23 Pa.C.S.A. §§ 6101-6122.

could not leave their house. [The trial court] issued a temporary [PFA] against [Appellant] on July 19, 2024, granting [Appellee] exclusive possession of the parties' home. The court scheduled a hearing on the petition on July 29, 2024, at 8:30 a.m. in the Monroe County Courthouse, Stroudsburg, Pennsylvania.

[On July 19, 2024,] the Monroe County Sheriff's Department filed an affidavit of service stating that [Appellant] was personally served with a copy of the temporary [PFA, which included notice that a hearing was scheduled on the matter for July 29, 2024 at 8:30 a.m. at the Monroe County Courthouse.]

A hearing was held [as scheduled.] [Appellee] was present for the hearing but [Appellant] was not. [Appellee] testified that [Appellant] was using drugs, mixing methamphetamines and benzo[diazepines]. She left the house with her children and left them with a friend while she went to work. [Appellant] went to the friend's house and retrieved the children. She testified that he had previously threatened to throw her out of a car and had locked her in rooms at the parties' house.

[The court] granted a six-month PFA at the close of the hearing….[2]

_____

[2] The court granted a six-month PFA on July 29, 2024. The PFA expired on 1/29/25, which arguably renders Appellant's issues on appeal moot. However, "this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *Ferko-Fox v. Fox*, 68 A.3d 917, 920 (Pa.Super. 2013) (holding that review of expired temporary PFA order was appropriate where issues raised on appeal were capable of repetition and apt to elude appellate review). *See also Snyder v. Snyder*, 629 A.2d 977 (Pa.Super. 1993) (stating review of final PFA order was not moot, despite expiration of order, since case dealt with important questions of public policy concerning how narrowly trial courts must construe PFA petitions and what quantum of evidence is necessary to sustain case under this Act); *Vardzel v. Vardzel*, Nos. 1471 WDA 2023, 1472
*(Footnote Continued Next Page)*

(Trial Court Opinion, filed 9/25/24, at 1-2).

Appellant filed a timely notice of appeal on August 27, 2024. On August 28, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on September 20, 2024.

Appellant raises the following issues for our review:

> Did the *ex parte* court abuse its discretion when it issued a temporary [PFA] order?
>
> Did the trial court abuse its discretion when it found that there was a preponderance of evidence to prove violent behavior?
>
> Did the trial court err when it failed to include an ADA notice in original process because Rule 1905 violates Appellant's right to due process?
>
> Did the trial court abuse its discretion when it scheduled the date for a final PFA hearing only 10 calendar days (5 business days) after issuing the temporary PFA, nearly eliminating Appellant's opportunity for pretrial preparations?

_____

WDA 2023, 1473 WDA 2023, 1474 WDA 2023 (Pa.Super. filed Oct. 2, 2024) (unpublished memorandum) (holding that father's appeal met third exception to mootness doctrine, as he may suffer some detriment due to trial court's final PFA order; PFA order may be considered by trial court in any subsequent PFA proceedings, as well as in any child custody proceedings; further, expired PFA order would also appear in criminal history records check conducted by police); Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value). Here, at the very least, Appellant's appeal satisfies the third exception to the mootness doctrine, as the PFA order we are asked to review may be considered by the trial court in subsequent proceedings. **See *Vardzel, supra***. Thus, we will not dismiss the appeal as moot.

Did the trial court abuse its discretion when it eliminated Appellant's custodial rights on allegations of "immediate and present" danger of abuse which were dropped at trial?

Did the trial court abuse its discretion when it ordered the relinquishment of Appellant's firearms?

Was the court and counterparts prejudiced by the issuing of the temporary PFA against Appellant, leading to due process violations?

(Appellant's Brief at 8-9).

Preliminarily, we observe that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. **See also** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal). Regarding the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119. Argument**

**(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (internal citations omitted). "This Court will not act as counsel and will not develop arguments

on behalf of an appellant." ***Id.*** If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006) (holding appellant waived issue on appeal where he failed to support claim with relevant citations to case law and record). ***See also In re R.D.***, 44 A.3d 657 (Pa.Super. 2012), *appeal denied*, 618 Pa. 677, 56 A.3d 398 (2012) (holding appellant waived issue, where argument portion of appellant's brief lacked meaningful discussion of, or citation to, relevant legal authority regarding issue generally or specifically; appellant's lack of analysis precluded meaningful appellate review). Further:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (internal citations omitted) (quoting ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa.Super. 2005)).

Instantly, there are significant defects in the argument section of Appellant's brief. Appellant purports to raise seven issues in his statement of questions presented but his argument section consists of one undivided section that fails to discuss or develop the majority of the issues presented in any meaningful way. For example, Appellant claims that the court violated his due process rights by failing to include an ADA notice when he was

originally served and scheduling a final PFA hearing within 10 days of issuing the temporary PFA. Nevertheless, Appellant's brief fails to develop these claims or support his conclusory assertions with relevant authority. *See Hardy, supra*. Similarly, Appellant makes only brief conclusory statements that the court erred by allegedly eliminating Appellant's custodial rights over his children and ordering him to relinquish his guns. Appellant's brief entirely fails to explain how the court erred in this regard or cite to relevant authority. *See id.* Regarding his seventh issue, Appellant's brief merely states: "Appellant's question [seven] is more or less a question simply seeking the court's opinion. Do these actions demonstrate prejudice?" (Appellant's Brief at 24). Appellant then provides a list of grievances without any further explanation or argument of his claim. As such, Appellant has waived these issues. *See Gould, supra*.

Appellant's argument section largely focuses on his first two claims that the court erred in finding that the evidence was sufficient to enter the temporary PFA and subsequently, the final PFA. Appellant claims that Appellee's averments in her petition seeking a PFA failed to demonstrate that Appellant was an immediate and present danger to Appellee or their children. Appellant asserts that Appellee did not make any allegations that Appellant physically or sexually abused her or their children. As such, Appellant contends that the court erred in granting the temporary PFA. Appellant further claims that Appellee's testimony at the final PFA hearing contained factual

inaccuracies or mentioned instances that occurred many years in the past. Appellant concludes that the court erred in finding that Appellee's testimony was sufficient to support the entry of the final PFA order. We disagree.

"In the context of a PFA order, we review the trial court's legal conclusions for an error of law or abuse of discretion." *Stamus v. Dutcavich*, 938 A.2d 1098, 1100 (Pa.Super. 2007) (quoting *Drew v. Drew*, 870 A.2d 377, 378 (Pa.Super. 2005)). When a claim is presented on appeal that the evidence is not sufficient to support an order of protection from abuse, the reviewing court must view the evidence in the light most favorable to the verdict winner, granting [him] the benefit of all reasonable inferences." *Mescanti v. Mescanti*, 956 A.2d 1017 (Pa.Super. 2008) (internal citation and quotation marks omitted). "The reviewing court then determines whether the evidence was sufficient to sustain the [trial] court's conclusions by a preponderance of the evidence." *Id.* Additionally, "[t]his [C]ourt defers to the credibility determinations of the trial court as to witnesses who appeared before it." *Karch v. Karch*, 885 A.2d 535, 537 (Pa.Super. 2005).

"The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." *E.K. v. J.R.A.*, 237 A.3d 509, 519 (Pa.Super. 2020) (quoting *Buchhalter v. Buchhalter*, 959 A.2d 1260, 1262 (Pa.Super. 2008)). When a plaintiff files for a temporary PFA, alleging "immediate and present danger of abuse to the plaintiff or minor children, the

court shall conduct an *ex parte* proceeding." 23 Pa.C.S.A. § 6107(b)(1). "The court may enter such a temporary order as it deems necessary to protect the plaintiff or minor children when it finds they are in immediate and present danger of abuse. The order shall remain in effect until modified or terminated by the court after notice and hearing." 23 Pa.C.S.A. § 6107(b)(2). Within 10 days of entering a temporary PFA order, "a hearing shall be held before the court, at which the plaintiff must prove the allegation of abuse by a preponderance of the evidence." 23 Pa.C.S.A. § 6107(a).

The PFA Act defines abuse as follows:

**§ 6102. Definitions**

**(a)      General rule.—**The following words and phrases when used in this chapter shall have the meanings given to them in this section unless the context clearly indicates otherwise:

**"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:

(1)    Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.

(2)    Placing another in reasonable fear of imminent serious bodily injury.

(3)    The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).

(4)    Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to

child protective services)

(5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102(a).

"In the context of a PFA case, the court's objective is to determine whether the victim is in reasonable fear of imminent serious bodily injury…." **Buchhalter, supra** at 1263 (quoting **Raker v. Raker**, 847 A.2d 720, 725 (Pa.Super. 2004)). "The intent of the alleged abuser is of no moment." **Id.** "While physical contact may occur, it is **not** a pre-requisite for a finding of abuse under [Section] 6102(a)(2) of the Act." **Fonner v. Fonner**, 731 A.2d 160, 163 (Pa.Super. 1999) (emphasis added). "[T]he victim of abuse need not suffer actual injury, but rather be in reasonable fear of imminent serious bodily injury." **Burke ex rel. Burke v. Bauman**, 814 A.2d 206, 208 (Pa.Super. 2002) (quoting **DeHass v. DeHass**, 708 A.2d 100, 102 (Pa.Super. 1998), *appeal denied*, 557 Pa. 629, 732 A.2d 615 (1998)). Additionally, false imprisonment as set forth in Section 6102(a)(3) is defined as knowingly restraining another unlawfully so as to interfere substantially with his or her liberty. **See** 18 Pa.C.S.A. § 2903(a).

Instantly, Appellee alleged in her PFA petition that Appellant drove their child while he was under the influence of a combination of drugs. She further

averred that Appellant had threatened to throw her out of a moving car, locked her in rooms, and disabled her car to prevent her from leaving their residence with their children. Appellee's allegations support a finding that Appellant placed their children at risk of death or serious injury by driving the children while impaired. Appellee further alleged that Appellant threatened her with physical harm and took actions to restrain her freedom to leave. As such, Appellee's allegations were sufficient for the court to find that Appellant posed an immediate and present danger to Appellee and their children. *See* 23 Pa.C.S.A. § 6107(b)(2). Accordingly, the court did not abuse its discretion in entering the order for a temporary PFA. *See Stamus, supra*.

Regarding the final PFA order, Appellee testified that she filed for a PFA when she realized that Appellant was using drugs again. She expressed concern that Appellant picked up their child from a friend's house and drove with him while impaired. She testified that when Appellant had previously been under the influence of drugs, he had threatened to throw her out of a car and locked her in rooms in their house. She stated that Appellant had previously been violent towards her when he was under the influence of drugs. She testified that she immediately removed herself and their children from the house when she realized that Appellant was using drugs again because she was fearful of Appellant.

Appellant attempts to attack the credibility of Appellee's testimony in his brief by asserting that some of her statements are untrue or by providing

further context about the incidents in question. However, Appellant did not appear at the hearing to cross examine Appellee or provide testimony or argument concerning the points he now raises. As such, Appellant's averments in his brief are not in the record and we may not consider them.[3] Furthermore, the court, who had the opportunity to observe Appellee, found her testimony to be credible and we decline to disrupt the court's credibility determinations. *See Karch, supra*. Viewing the evidence in the light most favorable to Appellee, we discern no abuse of discretion in the court's conclusion that the evidence was sufficient to warrant entry of the final PFA order. *See* 23 Pa.C.S.A. § 6102(a); *Mescanti, supra*. Accordingly, the court did not err in granting the final PFA in Appellee's favor, and Appellant is not entitled to relief.[4] *See Stamus, supra*.

Order affirmed.

_____

[3] Appellant claims that he did not attend the hearing due to difficulty with transportation and his mental health struggles. Nevertheless, Appellant does not aver that he sought a continuance or any accommodations to participate in the hearing. To the extent that Appellant claims the court erred in conducting the hearing in his absence, Appellant fails to develop this claim in any meaningful way or support it with citation to relevant authority. *See Hardy, supra*. As such, Appellant has waived the claim. *See Gould, supra*.

[4] On January 21, 2025, Appellant filed an application for relief in this Court raising claims of, *inter alia*, malicious prosecution and requesting this Court to dissolve the PFA. As to the latter, for the reasons stated *supra*, the trial court properly entered the PFA against Appellant. Regarding Appellant's claims of malicious prosecution, Appellant did not develop those claims adequately in the trial court or on appeal, so they are waived. *See Gould, supra*. Thus, we deny Appellant's requests for relief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>2/21/2025</u>